NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUNSTONE BEHAVIORAL HEALTH, INC., | No. 09-16560 |
| Plaintiff - Appellee, | D.C. No. 2:06-cv-02664-FCD-DAD |
| v. | |
| ALAMEDA COUNTY MEDICAL CENTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted October 6, 2010[**]
San Francisco, California

Before: BEEZER, KLEINFELD, and GRABER, Circuit Judges.

Defendant Alameda County Medical Center ("Alameda") appeals from the

entry of judgment in favor of Plaintiff Sunstone Behavioral Health, Inc.,

("Sunstone") following a bench trial. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Reviewing the contract question and the question of law de novo, APL Co. v. UK Aerosols Ltd., 582 F.3d 947, 951 (9th Cir. 2009), we hold that the district court correctly held that neither the contract nor California law required that a Program Manager (also called a Program Director) hold a California license. The contract provided a detailed list of qualifications for Program Managers and, unlike for other positions, such as Medical Director of Outpatient Psychiatric Services, did not include a requirement that they hold a California license.

The district court's conclusion that Sunstone's breach was not material, and its careful and thorough analysis of that issue, contain no clear error. See JustMed, Inc. v. Byce, 600 F.3d 1118, 1125 (9th Cir. 2010) ("We review the district court's factual findings for clear error."); Whitney Inv. Co. v. Westview Dev. Co. 78 Cal. Rptr. 302, 307 (Ct. App. 1969) ("Whether a breach is so material as to constitute cause for the injured party to terminate a contract is ordinarily a question for the trier of fact."). Accordingly, Alameda's cancellation of the contract was a material breach, as the district court correctly found. We also affirm on the district court's alternative ground—unchallenged on appeal—that, even assuming Sunstone's breach was material, Alameda breached the implied covenant of good faith and fair dealing.

Even assuming that Alameda preserved its objection to the testimony of Biggerstaff, the district court did not abuse its discretion in admitting his testimony. See General Elec. Co. v. Joiner, 522 U.S. 136, 141 (1997) (holding that "abuse of discretion is the proper standard of review for a district court's evidentiary rulings").

The district court's calculation of damages contained no clear error. See Stephens v. City of Vista, 994 F.2d 650, 655 (9th Cir. 1993) ("The district court's computation of damages is a finding of fact reviewed under the clearly erroneous standard."). The district court properly rejected Alameda's speculation that the salary of a replacement Program Manager would have been greater than the salary of its previous Program Manager. The district court's exclusion of some overhead costs in its calculation does not rise to the level of clear error, particularly in light of the court's use of a value known to be high for other costs. Finally, the district court's use of the actual invoices is not clear error because of its correct determination that Sunstone's conduct did not constitute a material breach.

**AFFIRMED.**